UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER HENDRIX and CHARLES WAMPACH, | ) ) ) |
| Plaintiffs, | ) ) Case No._____ |
| vs. | ) ) |
| THE CHILDREN'S MUSEUM IN OAK LAWN, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COME the Plaintiffs, CHRISTOPHER HENDRIX (hereinafter, "Hendrix") and CHARLES WAMPACH (hereinafter, "Wampach"), and complaining of the Defendant, THE CHILDREN'S MUSEUM IN OAK LAWN (hereinafter, the "Museum"), state as follows:

## JURISDICTION AND VENUE

1. This civil-rights action raises federal questions under the Fourteenth Amendment to the United States Constitution and Civil Rights Act of 1871, 42 U.S.C. § 1983.

2. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all events underlying the claims in this Complaint occurred within the Northern District of Illinois, Eastern Division, and all of the Defendants are located within this district and division.

## PARTIES

4. Hendrix is and at all relevant times was a resident of the County of Cook, State of Illinois.

5. Wampach is and at all relevant times was a resident of the County of Cook, State of Illinois.

1

6. Museum, is and at all relevant times was an Illinois not-for-profit corporation, located at 5100 Museum Drive, Oak Lawn, IL 60453, which, upon information and belief, is funded by the Federal, State, and Local governments, in whole or in part, and receives various exemptions from said governmental bodies.

## STATEMENT OF FACTS

7. Wampach was at all relevant times a 48-year-old disabled man with the mental capacity of a second or third grader.

8. Hendrix was at all relevant times a caretaker and support worker for Wampach.

9. On or about October 13, 2016, Hendrix and Wampach were visiting the Museum.

10. Upon entering the museum, Hendrix and Wampach were greeted by a museum employee who suggested that they go straight to the second floor.

11. A second museum employee was present at the entrance desk when Hendrix and Wampach entered the museum.

12. After about 10 minutes of enjoying the museum's second floor, which was almost empty on the day of the incident, the museum employee from the entrance desk on the first floor approached Hendrix and Wampach, on the second floor, and informed them that they had to leave the museum.

13. When Hendrix inquired as to why they have to leave, the employee indicated that the museum's administration requested that they leave because they did not have any children with them.

14. The employee then escorted Hendrix and Wampach to the front entrance of the Museum.

15. Despite being extremely embarrassed and devestated, Hendrix and Wampach left the Museum without incident.

17. The Museum's claim that Henrix and Wampach had to leave its premises because they had no children with them was a pretext for its intention to exclude Henrix, who is African-American, and Wampach, who is disabled, from its premises.

18. Indeed, at the time of Hendrix's and Wampach's visit, upon information and belief, there was no official policy requiring the Museum's visitors to have children with them while they are on the Museum premises.

19. To that end, the Museum promotes a *de facto* policy of discrimination against minorities and disabled individuals, who are not welcome on its premises, despite not having an express policy to this effect, which, at all relevant times, existed and currently exits and thrives because the Museum officials, acting under the color of the law, with authority over the same, exhibited deliberate discriminatory conduct towards minorities and disabled individuals.

20. As a result of the foregoing incident the Defendants have suffered emotional damages.

**COUNT I - VIOLATION OF THE FOURTEENTH AMENDMENT (Directed by Hendrix against the Museum)**

21. Plaintiff restates and realleges Paragraphs 1 through 20, as if fully set forth herein.

22. As described in the preceding Paragraphs, the intentional conduct of the Museum, by and through its agents, toward Hendrix was objectively unreasonable and constituted a deprivation of the equal protection of the laws of the United States, based solely upon his race.

23. As a direct and proximate result of the Museum's *de facto* policies, Hendrix suffered emotional damages, which will be proven at trial.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against the Defendant, THE CHILDREN'S MUSEUM IN OAK LAWN, in an amount sufficient to compensate Plaintiff, CHRISTOPHER HENDRIX, for his damages, plus punitive damages, plus attorneys' fees, and such other relief favorable to the Plaintiff that is deemed just and equitable.

**COUNT II - VIOLATION OF THE FOURTEENTH AMENDMENT (Directed by Wampach against the Museum)**

24. Plaintiff restates and realleges Paragraphs 1 through 20, as if fully set forth herein.

25. As described in the preceding Paragraphs, the intentional conduct of the Museum, by and through its agents, toward Wampach was objectively unreasonable and constituted a deprivation of the equal protection of the laws of the United States, based solely upon his mental disability.

26. As a direct and proximate result of the Museum's *de facto* policies, Wampach suffered emotional damages, which will be proven at trial.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against the Defendant, THE CHILDREN'S MUSEUM IN OAK LAWN, in an amount sufficient to compensate Plaintiff, CHARLES WAMPACH, for his damages, plus punitive damages, plus attorneys' fees, and such other relief favorable to the Plaintiff that is deemed just and equitable.

**COUNT III - MONELL LIABILITY (Directed by Wampach and Hendrix against the Museum)**

27. Plaintiff Restates and realleges Paragraphs 1 through 26 as if fully set forth herein.

28. This action is brought pursuant to 42 U.S.C. § 1983 to redress the Museum's tortious conduct and it's deprivation of Hendrix's and Wampach's rights secured by the U.S. Constitution.

29. As described above in greater detail, the Museum's actions and omissions were undertaken pursuant to the its practices, policies, and customs, which include, but are not limited to *de facto* policies of discrimination against minorities and individuals with disabilities.

30. Hendrix and Wampach were humiliated and forced to leave the Museum for no other reason, other than Hendrix's race and Wampach's disability.

31. As a result of such customs and practices, the Henrdrix and Wampach suffered damages.

32. Furthermore, as a result of such customs and practices, the Hendrix and Wampach were deprived of their constitutional rights under the Fourteenth Amendment to the United States Constitution.

33. As described above in this Complaint, Museum, acting by and through their employees and agents did unlawfully deprive Hendrix and Wampach of their right to enjoy the Museum premises just as other similarly-situated members of the public, in violation of the Fourteenth Amendments to the United States Constitution.

34. The misconduct was unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to Hendrix's and Wampach's constitutional rights.

35. Hendrix and Wampach enjoyed protections provided to them under the United States constitution against discrimination based on their race and disability.

35. At the time the Museum excluded Hendrix and Wampach from its premises, it did so under the color of the law and with intent to deprive them of their Fourteenth Amendment Rights.

36. At the time Wampach and Hendrix were excluded from the Museum Premises, they acted in a civil manner and no other reason to remove them from the subject premises existed.

37. The actions of the Museum, by and through its agents, acting under the color of local, state, and federal law and authority, constitute violations of Title 42 of the U.S. § 1983, and were violations of the civil rights of Hendrix and Wampach.

38. Henrdix's and Wampach's damages were caused by the Museum and its agents, who acted pursuant to one or more policies, practices, and customs set forth above in engaging in the misconduct described in this Complaint.

WHEREFORE, Plaintiffs prays this Honorable Court enter judgment against the Defendant, THE CHILDREN'S MUSEUM IN OAK LAWN, in an amount, in an amount sufficient to compensate Plaintiff for in an amount reasonable to compensate Plaintiffs, CHRISTOPHER HENDRIX and CHARLES WAMPACH, for his damages, plus punitive damages, plus attorneys' fees, and such other relief favorable to the Plaintiff that is deemed just and equitable.

Respectfully Submitted,

CHRISTOPHER HENDRIX and
CHARLES WAMPACH, *Plaintiffs*

/s/ Zane D. Smith
One of their Attorneys

Zane D. Smith & Associates, Ltd.
#6184814
221 N. LaSalle St., Suite 1320
Chicago, Illinois 60601
P: 312.245.0031
boris@zanesmith.com