**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER HENDRIX and CHARLES WAMPACH, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. 1:18-cv-06930 |
| THE CHILDREN'S MUSEUM OF OAK LAWN, | ) ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFFS' COMPLAINT

NOW COMES the Defendant, THE CHILDREN'S MUSEUM OF OAK LAWN ("Museum"), by and through its attorneys, DOHERTY & PROGAR LLC and for its Answer, Affirmative Defenses and Jury Demand to the Complaint filed by the Plaintiffs, CHRISTOPHER HENDRIX ("Hendrix") and CHARLES WAMPACH ("Wampach"), states as follows:

### JURISDICTION AND VENUE

1.      This civil rights action raises federal questions under the Fourteenth Amendment to the United States Constitution and Civil Rights Act of 1871, 42 U.S.C. § 1983.

**ANSWER:**   This Defendant cannot answer Paragraph 1 of Plaintiffs' Complaint insofar as it requires a legal conclusion.

2.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

**ANSWER:**   This Defendant cannot answer Paragraph 2 of Plaintiffs' Complaint insofar as it requires a legal conclusion.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all events underlying the claims in this Complaint occurred within the Northern District of Illinois, Eastern Division, and all of the Defendants are located within this district and division.

**ANSWER:**    This Defendant cannot answer Paragraph 3 of Plaintiffs' Complaint insofar as it requires a legal conclusion.

## PARTIES

4.    Hendrix is and at all relevant times was a resident of the County of Cook, State of Illinois.

**ANSWER:**    This Defendant has insufficient knowledge as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore neither admits nor denies the same but demands strict proof thereof.

5.    Wampach is and at all relevant times was a resident of the County of Cook, State of Illinois.

**ANSWER:**    This Defendant has insufficient knowledge as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint and therefore neither admits nor denies the same but demands strict proof thereof.

6.    Museum, is and at all relevant times was an Illinois not-for-profit corporation, located at 5100 Museum Drive, Oak Lawn, IL 60453, which, upon information and belief, is funded by the Federal, State, and Local governments, in whole or in part, and receives various exemptions from said governmental bodies.

**ANSWER:**    This Defendant admits that it is an Illinois not-for-profit organization located at 5100 Museum Drive, Oak Lawn, IL 60453 but denies the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint.

## STATEMENT OF FACTS

7.    Wampach was at all relevant times a 48-year-old disabled man with the mental capacity of a second or third grader.

2

**ANSWER:** This Defendant has insufficient knowledge as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore neither admits nor denies the same but demands strict proof thereof.

8. Hendrix was at all relevant times a caretaker and support worker for Wampach.

**ANSWER:** This Defendant has insufficient knowledge as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore neither admits nor denies the same but demands strict proof thereof.

9. On or about October 13, 2016, Hendrix and Wampach were visiting the Museum.

**ANSWER:** This Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Upon entering the museum, Hendrix and Wampach were greeted by a museum employee who suggested that they go straight to the second floor.

**ANSWER:** This Defendant has insufficient knowledge as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and therefore neither admits nor denies the same but demands strict proof thereof.

11. A second museum employee was present at the entrance desk when Hendrix and Wampach entered the museum.

**ANSWER:** This Defendant has insufficient knowledge as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and therefore neither admits nor denies the same but demands strict proof thereof.

12. After about 10 minutes of enjoying the museum's second floor, which was almost empty on the day of the incident, the museum employee from the entrance desk on the first floor

approached Hendrix and Wampach, on the second floor, and informed them that they had to leave the museum.

**ANSWER:** This Defendant has insufficient knowledge as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore neither admits nor denies the same but demands strict proof thereof.

13. When Hendrix inquired as to why they have to leave, the employee indicated that the museum's administration requested that they leave because they did not have any children with them.

**ANSWER:** This Defendant has insufficient knowledge as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore neither admits nor denies the same but demands strict proof thereof.

14. The employee then escorted Hendrix and Wampach to the front entrance of the Museum.

**ANSWER:** This Defendant has insufficient knowledge as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore neither admits nor denies the same but demands strict proof thereof.

15. Despite being extremely embarrassed and devastated, Hendrix and Wampach left the Museum without incident.

**ANSWER:** This Defendant has insufficient knowledge as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore neither admits nor denies the same but demands strict proof thereof.

**[Plaintiffs' Complaint is erroneously mis-numbered and contains no Paragraph 16 to which Defendant must respond.]**

17.     The Museum's claim that Hendrix and Wampach had to leave its premises because they had no children with them was a pretext for its intention to exclude Hendrix, who is African-American, and Wampach, who is disabled, from its premises.

**ANSWER**:     This Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Indeed, at the time of Hendrix's and Wampach's visit, upon information and belief, there was no official policy requiring the Museum's visitors to have children with them while they are on the Museum premises.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     To that end, the Museum promotes a *de facto* policy of discrimination against minorities and disabled individuals, who are not welcome on its premises, despite not having an express policy to this effect, which, at all relevant times, existed and currently exits and thrives because the Museum officials, acting under the color of the law, with authority over the same, exhibited deliberate discriminatory conduct towards minorities and disabled individuals.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     As a result of the foregoing incident the Defendants have suffered emotional damages.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

## COUNT I - VIOLATION OF THE FOURTEENTH AMENDMENT
### (Directed by Hendrix against the Museum)

21.     Plaintiff restates and realleges Paragraphs 1 through 20 as if fully set forth herein as its answer to Paragraph 21 as its answer to Paragraph 21.

**ANSWER:**   This Defendant restates its responses to Paragraphs 1 through 20 as if fully restated herein as its answer to Paragraph 21.

22.     As described in the preceding Paragraphs, the intentional conduct of the Museum, by and through its agents, toward Hendrix was objectively unreasonable and constituted a deprivation of the equal protection of the laws of the United States, based solely upon his race.

**ANSWER:**   This Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.     As a direct and proximate result of the Museum's *de facto* policies, Hendrix suffered emotional damages, which will be proven at trial.

**ANSWER:**   This Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

WHEREFORE, the Defendant, THE CHILDREN'S MUSEUM OF OAK LAWN denies that Plaintiff, CHRISTOPHER HENDRIX is entitled to judgment in a sum in excess of the jurisdictional limits of this Court or in any other sum.

## COUNT II - VIOLATION OF THE FOURTEENTH AMENDMENT
### (Directed by Wampach against the Museum)

24.     Plaintiff restates and realleges Paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:**   This Defendant restates its responses to Paragraphs 1-23 as if fully restated herein as its answer to Paragraph 24.

25.     As described in the preceding Paragraphs, the intentional conduct of the Museum, by and through its agents, toward Wampach was objectively unreasonable and constituted a deprivation of the equal protection of the laws of the United States, based solely upon his mental disability.

**ANSWER:**   This Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     As a direct and proximate result of the Museum's *de facto* policies, Wampach suffered emotional damages, which will be proven at trial.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

WHEREFORE, the Defendant, THE CHILDREN'S MUSEUM OF OAK LAWN denies that Plaintiff, CHARLES WAMPACH is entitled to judgment in a sum in excess of the jurisdictional limits of this Court or in any other sum.

### COUNT III - MONELL LIABILITY
### (Directed by Wampach and Hendrix against the Museum)

27.     Plaintiff restates and realleges Paragraphs 1 through 26 as if fully set forth herein.

**ANSWER:**     This Defendant restates its responses to Paragraphs 1-26 as if fully restated herein as its answer to Paragraph 27.

28.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the Museum's tortious conduct and its deprivation of Hendrix's and Wampach's rights secured by the U.S. Constitution.

**ANSWER:**     This Defendant cannot answer Paragraph 28 of Plaintiffs' Complaint insofar as it requires a legal conclusion.

29.     As described above in greater detail, the Museum's actions and omissions were undertaken pursuant to its practices, policies, and customs, which include, but are not limited to *de facto* policies of discrimination against minorities and individuals with disabilities.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.     Hendrix and Wampach were humiliated and forced to leave the Museum for no other reason other than Hendrix's race and Wampach's disability.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 30 of Plaintiffs'
Complaint.

31.     As a result of such customs and practices, the Hendrix and Wampach suffered damages.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 31 of Plaintiffs'
Complaint.

32.     Furthermore, as a result of such customs and practices, Hendrix and Wampach were
deprived of their constitutional rights under the Fourteenth Amendment to the United States
Constitution.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 32 of Plaintiffs'
Complaint.

33.     As described above in this Complaint, Museum, acting by and through their employees and
agents did unlawfully deprive Hendrix and Wampach of their right to enjoy the Museum premises
just as other similarly-situated members of the public, in violation of the Fourteenth Amendments
to the United States Constitution.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 33 of Plaintiffs'
Complaint.

34.     The misconduct was unreasonable and was undertaken intentionally, with malice,
willfulness, and reckless indifference to Hendrix's and Wampach's constitutional rights.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 34 of Plaintiffs'
Complaint.

35.     Hendrix and Wampach enjoyed protections provided to them under the United States
Constitution against discrimination based on their race and disability.

**ANSWER:**     This Defendant cannot answer Paragraph 35 of Plaintiffs' Complaint insofar as it requires a legal conclusion.

35.     At the time the Museum excluded Hendrix and Wampach from its premises, it did so under the color of the law and with intent to deprive them of their Fourteenth Amendment Rights.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.     At the time Wampach and Hendrix were excluded from the Museum Premises, they acted in a civil manner and no other reason to remove them from the subject premises existed.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.     The actions of the Museum, by and through its agents, acting under the color of local, state, and federal law and authority, constitute violations of Title 42 of the U.S. § 1983, and were violations of the civil rights of Hendrix and Wampach.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.     Hendrix's and Wampach's damages were caused by the Museum and its agents, who acted pursuant to one or more policies, practices, and customs set forth above in engaging in the misconduct described in this Complaint.

**ANSWER:**     This Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

WHEREFORE, the Defendant, THE CHILDREN'S MUSEUM OF OAK LAWN denies that Plaintiffs, CHRISTOPHER HENDRIX and CHARLES WAMPACH are entitled to judgment in a sum in excess of the jurisdictional limits of this Court or in any other sum.

## <u>DEFENDANT'S AFFIRMATIVE DEFENSES</u>

1.      Plaintiffs fail to allege facts sufficient to state a cause of action.

2.      Defendant is not a state actor.

3.      Defendant engaged in no action under the color of state law.

4.      Defendant engaged in no governmental action.

5.      Plaintiffs suffered no harm caused by government classification.

6.      Plaintiffs suffered no infringement of a fundamental right.

7.      Plaintiffs have failed to state a justiciable claim.

8.      Plaintiffs were not asked to leave the premises due to any minority status.

9.      Plaintiffs were asked to leave the premises solely in light of a pre-existing legitimate safety rule excluding all adults from the premises who were not accompanied by minor children.

10.      Plaintiff Wampach lacks standing to file this lawsuit in light of his allegation that he is disabled.

11.      Plaintiffs have failed to allege what law provides the basis for their equal protection claim.

12.      Plaintiffs were asked to leave the premises for a legitimate, non-discriminatory reason.

13.      Plaintiffs have failed to plead facts sufficient to support punitive damages.

14.      Plaintiffs have failed to allege the violation of any officially adopted or promulgated municipal policy.

15.      Plaintiffs have failed to allege the violation of any custom or practice that has a force of law that was unequally applied.

16.      Plaintiffs have failed to identify any final policy maker.

17.      Plaintiffs have failed to cite any neutral policy that was applied with a constitutionally impermissible purpose.

18.     Plaintiffs have failed to allege any failure to train, supervise or discipline.

19.     Plaintiffs have not been deprived of any right, privilege or immunity secured by the constitution or the relevant laws.

20.     By reasons of Plaintiffs own acts and omissions, Plaintiffs are estopped from seeking any recovery from Defendant.

21.     Each and every action by Plaintiffs is barred because Plaintiffs have failed to mitigate their damages.

22.     Defendant denies that Plaintiffs were damaged in any sum or sums, or at all, by any reason of any action of any Defendant.

23.     Plaintiffs consented to their removal from the premises.

24.     Plaintiffs have waived any recovery under any theory of law due to their voluntary exit from the Museum premises.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully Submitted,

THE CHILDREN'S MUSEUM
OF OAK LAWN

By:
_/s/ Mary Jo Greene_

Mary Jo Greene
Ryan A. Danahey
DOHERTY & PROGAR LLC
200 West Adams, Suite 2220
Chicago, IL 60606-5231
(312) 630-9630 (office)
(312) 630-9001 (fax)
Firm ID:  39204
Service Accepted via Email:  _mail@doherty-progar.com_